IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

BOBBY MARVIN COLLINS, )
a/k/a Terry Lamar Roberts, )
Petitioner, )
)
-vs- )
)
UNITED STATES OF AMERICA, )
Respondent. )

CR 01-255 RHK/ESS

Civil No. 04-4973 RHK

**MEMORANDUM OF LAW IN SUPPORT OF COLLIN'S MOTION PURSUANT TO TITLE 28 U.S.C. §2255 IN THE NATURE OF 52(a), AND 81(a)(2) OF THE FEDERAL RULES OF CIVIL PROCEDURE**

COMES NOW, petitioner, Bobby Marvin Collins, pro se, hereinafter "Collins", and respectfully submits this Memorandum of Law in Support of his timely filed §2255. In support of this motion, Collins states the following:

FILED DEC 08 2004
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD______
DEPUTY CLERK______

SCANNED
DEC 09 2004
U.S. DISTRICT COURT ST. PAUL

## I. PROCEDURAL HISTORY

On July 9, 2001, Collins was arrested while sleeping in a lawfully parked car during a police call to the area where he and several persons were parked. Police found a loaded firearm in the vehicle on or near Collins. The firearm was determined to be an "antique" firearm and thus "not a firearm" under either state or federal law.

Collins was charged by a federal grand jury, which returned a one count indictment for being a felon in Possession of Ammunition, in violation of 18 U.S.C. §§922(g)(1) and 924(e)(1). The indictment included three prior convictions, one of which was discharged by a Certificate of Discharge and Restoration to Civil Rights, by the State of Minnesota.

On November 19, 2001, Collins was convicted of the one count Indictment by a jury after trial.

On March 8, 2002, Collins was sentenced to serve an enhanced sentence of 235 months pursuant to the application of the United States Sentencing guidelines and Title 18 U.S.C. §924(e)(1).

Collins appealed both the conviction and sentence. On March 3, 2003, the Eighth Circuit Court of Appeals affirmed both the conviction and sentence rendered in the District Court.

Collins filed for a Writ of Certioriari in the United States Supreme Court. On December 8, 2003, the Certioriari was denied.

## II. SUBSTANTIVE ISSUES PRESENTED

A. IN ACCORDANCE WITH AMENDMENT SIX OF THE UNITED STATES CONSTITUTION, RULE 1 OF TITLE 28 U.S.C. §2255, AND ARTICLE III STANDING OF THE UNITED STATES CONSTITUTION, COLLINS CONTENDS THAT HIS COUNSEL, THROUGH INEFFECTIVENESS CAUSED HIM SEVERAL PREJUDICIAL INJURIES THROUGHOUT THE CRITICAL STAGES OF HIS CRIMINAL PROCEEDINGS. THESE SUBSTANTIVE ERRORS MADE BY COUNSEL WERE UNREASONABLE AND COULD HAVE, IF THEY WOULD NOT HAVE OCCURRED, CHANGED THE OUTCOME OF COLLIN'S CASE.

1. PRETRIAL

a. Counsel Failed To Investigate And To File Affirmative Defense Position That Collins, A Born In The United States Of America Citizen, Is A Member Of The Well Regulated Militia, And Therefore Excluded From The Provisions Of Possessing Ammunition Which Had At One Time Travelled Through Interstate Commerce, Regardless Of His Felon Status, As The Charges Violates His Right And His Obligation Pursuant To The Second Amendment Of The Constitution Of The United States Of America And Title 10 U.S.C. §311.

Actual Injury In Fact - Title 8 U.S.C. §1401 in pertinent part states the following: Nationals and citizens of United States at birth; The following shall be nationals and citizens of the United States at birth: (a) person born in the United States, and subject to the jurisdiction thereof;

Title 10 U.S.C. §311 in pertinent part states the following: Militia: composition and classes; (a) The militia of the United States consists of all able-bodied males at least 17 years of age and except provided in Section 313 of Title 32, under 45 years of age who are, or who have made a declaration of intention to become citizens of the United States and of female citizens of the United States who are members of the National Guard (b) The classes of the militia are - (1) the organized militia, which consists of the National Guard and the Naval Militia and (2), the unorganized militia, which consists of the members of the militia who are not members of the National Guard or the Naval Militia.

The Second Amendment of the Constitution of the United States of America in pertinent part states the following: A well regulated Militia, being necessary to the security of a free state, the right of the people to keep and bear Arms, shall not be infringed.

Collins was born in the state of New York in the year of 1970, was between the ages of 17 and 45, on July 9th, 2001. He is not a member of persons exempt from Militia duty pursuant to Title 10 U.S.C. §312. Therefore, Collins is unequivicably a member of the Well regulated Militia pursuant to Title 10 U.S.C. §311.

Being a member of the codified well regulated militia, Collins was actually injured in fact by being arrested, indicted, tried, convicted and sentenced/punished for possessing ammunition, which had at one time travelled throgh interstate commerce, as these proceedings violated his second amendment right to bear Arms. A right that is never to be infringed upon.

Causation - Because Collins' counsel failed to present this affirmative defense prior to trial, Collins is now subjected to a punishment/sentence that is violative of his second amendment right.

In Strickland v. Washington, 466 U.S. 668 (1984), the U.S. Supreme Court states the following:

> "[a court must] judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct. A convicted defendant making a claim of ineffective assistance must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgement. The Court must then determine whether, in light of all circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance. In making that determination, the court should keep in mind that counsel's function, as elaborated in prevailing professional norms, is to make the adversarial testing process work in the particular case. At the same time, the court should recognize that counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment."

It was unreasonable for counsel to forego the aforementioned affirmative defense in dismissing the government's cause against

him, as this waiver of defense has prejudiced Collins to receive a sentence/punishment for conduct that is his Statutory and Constitutional right and obligation in protecting the freedom of the State. See McGurk v. Stenberg, 163 F.3d 470, 474 (8th Cir. 1998)(counsel's failure to discover that defendant had a right to a jury trial and to inform defendant of that right was prejudicial);

Redressability - Because Collins' right was infringed upon and not protected by his counsel with an affirmative defense, Collins believes that the proper redressability to this claim would be an evidentiary hear. See Shaw v. United States, 24 F.3d 1040, 1043 (8th Cir. 1994)(petitioner entitled to evidentiary hearing on claim of ineffective assistance of counsel unless claims inadequate on its face or if records conclusively refute factual assertions of claim).

b. Counsel Failed To Investigate And To File Affirmative Defense Positions That Collins Was Not Prohibited From Possessing Ammunition Regardless Of His Felon Status Within The Border Of The State Of Minnesota.

Actual Injury In Fact - Title 18 U.S.C. §§921(3) and (16), in pertinent parts, state the following: (3) The term "firearm" means (A) any weapon (including a starter gun) which will or is designed to or may readily be converted to expel a projectile

by the action of an explosive; (B) the frame or receiver of any such weapon (C) any firearm muffler or firearm silencer; or (D) any destructive device. Such term does not include an antique firearm; (16) The term "antique firearm" means - (A) any firearm (including any firearm with a matchlock, flintlock, percussion cap, or similar type of ignition system) manufactured in or before 1898.

Though Collins' counsel correctly argued the affirmative defenses that Collins had received lawful and statutory discharge papers from a prior Minnesota felony, for the purposes of both 922(g) and 924(e), and that the State of Minnesota does not prohibit Collins or any felon, once he/she has completed their sentence, from possessing ammunition, the Courts addressed and adopted the U.S. Supreme Court's reasonging of Caron v. United States, 524 U.S. 308, 118 S.Ct. 2007, 141 L.Ed.2d 303 (1998) in conjunction with the Eighth Circuits precedented United States v. Wind, 986 F.2d 1248 (8th Cir. 1993). One, Collins' counsel, must use the same reasonableness and rationality of Caron and equate all firearms to mean ammunition in addressing the "antique firearm" provisions of 18 U.S.C. §§921(3) and (16).

The Affirmative Defense of the possibility that the ammunition possessed by Collins was in fact "antique", as defined by the aforementioned statutes, that Collins was found to be

in possession of ammunition that was manufactured prior to 1898 and that it is considered to be "antique firearms" and therefore not an element of a violation of Title 18 U.S.C. §922(g).

Both makers of the ammunition found to be in the possession of Collins have been manufacturing ammunition since before 1898. Specifically, Winchester has been manufacturing .32 caliber ammunition since 1862. And Remingtion - Peters has been manufacturing .32 caliber ammunition since 1874. Because no proof or defense was produced by Collins' counsel or the government to show the approximate date that the ammunition was manufactured, then it is very likely, being that the weapon was deemed an "antique firearm", that the ammunition, which was found in the "antique firearm", and that the outcome of Collins' case would have been different.

The other affirmative defense not offered to the Court, prior to trial in Collins' case was the date that the ammunition, which had at one time travelled to the State of Minnesota, was received in that state.

The government produced evidence that the ammunition had, at some point prior to July 9, 2001, travelled through or in interstate commerce, as the ammunition was proven to be manufactured outside of the jurisdiction of the State of Minnesota. However, what the government did not prove or produce, and what Collins' counsel did not bring to the Court's attention was the actual

date, for the elemental purposes of the statute of limitations of receiving ammunition which has been shipped or transported in interstate or foreign commerce, that the ammunition was received in or affecting interstate commerce.

In United States v. Wolf, 405 F.Supp 731, 733 (E.D. Missouri 1975), the Court stated that "[t]he government has the burden of proof... [t]he evidence does not show when the guns in question were received by the defendant. It does show that they were in the defendant's possession on or about March 16, 1975. The .22 caliber pistol in Count I was stolen in Sikeston, Missouri, on November 7, 1969, more than five years before the indictment was filed. The Court is of the opinion that the Government has failed to sustain its burden of proof insofar as Count I is concerned for the reason that it is not shown by the evidence that the defendant received the pistol and was charged within the five year period after it was received. He may have received the gun the next day after it was stolen, in which event the statute of limitations bars the offense, and possession on March 16, 1975, is insufficient to show when it was received at a period of time which is not barred by the statute of limitations. (Title 18 U.S.C. §3282) See United States v. Greichunos, 572 F.Supp 220 (1983); and United States v. Hankin, 607 F.2d 611, 612-13 (3rd Cir. 1979) "[t]he government has the burden of proof that the prosecution was instituted within the applicable statute of limitations."

Therefore, Collins was prejudiced by being convicted of having ammunition in his possession, while being a felon, which had at one point in time (unknown) travelled in or affecting interstate commerce to the State of Minnesota because it was never proven whether the ammunition was received within the interstate commerce statute of limitations of five years pursuant to Title 18 U.S.C. §3282.

Causation - Collins would not have been convicted of the government's Count I charge, if Collins' counsel would have objected to instruct 15 of the jury's instructions by requesting, per Wolf, that the jury must decide whether the government had met its burden of proving when the ammunition was received within the State of Minnesota and in Collins possession within the mandate of Title 18 U.S.C. §3282. Collins was convicted of possessing 5 live rounds of .32 caliber Winchester and one live round of .32 caliber Remington Peters ammunition, which were manufactured outside the State of Minnesota and therefore travelled in interstate commerce before they were recovered in Minnesota on July 9, 2001. It was unreasonable for Collins' counsel not to use the statute of limitations affirmative defense as used and provided in U.S. v. Wolf. See Groseclose v. Bell, 130 F.3d 1161, 1170 (6th Cir. 1997) (counsels failure to interview witnessess, conduct any legal research or obtain and review any records was ineffective assistance);

Freeman v. Class, 95 F.3d 639, 641 (8th Cir. 1996) (counsels failure to request cautionary instruction regarding accomplice testimony was ineffective assistance because absent error strong probability result would have differed).

Redressability - Collins requests an evidentiary hearing to address this claim as it is a claim of merit.

c. Counsel Failed To Investigate And To Argue At Sentencing And On Appeal A Meritorious Claim Of The Unconstitutional Application Of The Armed Career Criminal Act Towards Collins' Sentence After His Conviction For A §922(g) Offense, In Light Of Apprendi v. New Jersey, In re Winship, Jones v. United States, Sullivan v. Louisiana, Robinson v. Neil and Furman v. Georgia, All Consistent With The Mandates Of Tyler v. Cain and Teague v. Lane.

Actual Injury In Fact - Collins was convicted of a §922(g) offense in the United States District Court of Minnesota and sentenced to two-hundred and thirty-five (235) months to serve within the Federal Bureau of Prisons based upon the application of the Armed Career Criminal Act pursuant to the federal code Title 18 U.S.C. §924(e).

Collins was injured, actually in fact, by the Court applying the A.C.C.A. enhancement to his sentence in violation of his

Sixth Amendment Constitutional guarantee to a beyond a reasonable doubt determination by a jury of his peers to all elements of an offense.

The following cases with their reasonings were available to Collins' counsel in order to assist him with this meritorious claim.

In Jones v. United States, (1999), 526 U.S. 227, 239, the U.S. Supreme Court noted that "[W]here a statute is susceptible of two constructions, by one of which grave and doubtful constitutional questions arise and by the other of which such questions are avoided, our duty is to adopt the latter."

As in Jones, the Court, in Apprendi v. New Jersey, 526 U.S. 466, 490, (2000), held that, "other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt."

In In re Winship, 397 U.S. 358, 363-64 (1970), the U.S. Supreme Court states that the Due Process Clause of both the Fourteenth Amendment "protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged... [it] plays a vital role in the American scheme of criminal procedure... and it is a prime instrument for reducing the risk of convictions resting on factual error."

In Sullivan v. Louisiana, 124 L.Ed.2d 182 (1993), the U.S. Supreme Court states the following:

> "A Constitutionally deficient jury instruction in a criminal case as to the definition of reasonable doubt, for purposes of the prosecution's burden of proving guilt beyond a reasonable doubt, is not amenable to harmless error analysis on appeal and will always invalidate a conviction, because (1) assuming that such a jury - instruction error has occurred, there has been no jury verdict within the meaning of the Federal Constitution's Sixth Amendment guarantee to an accused of a right to a jury trial in a criminal prosecution; (2) thus the question whether the "same" verdict of guilty beyond a reasonable doubt would have been rendered absent the constitutional error is meaningless; (3) the most that an appellate court could conclude is that a jury would surely have found the accused guilty beyond a reasonable doubt, which conclusion is not enough for Sixth Amendment purposes, as the Sixth Amendment requires more than an appellate speculation about a hypothetical jury's action; (4) unlike the situation of an erroneous jury instiruction as to a mandatory presumption regarding an element of an offense, if there is a jury instruction error as to the definition of reasonable doubt,

then (a) the essential connection to a beyond a reasonable doubt factual finding cannot be made, as the jury-instruction error consists of a misdescription of the burden of proof, which vitiates all the jury's findings, (b) in such circumstances, a reviewing court can only engage in pure speculation as to what a reasonable jury would have done, and (c) when the court does that, the wrong entity judges the accused guilty; and (5) such a deprivation of the constitution right to a jury verdict as to guilt beyond a reasonable doubt, with consequences that are necessarily unquantifiable and indeterminate, qualifies as a structural defect in the constitution of the trial mechanism, of the type that defies analysis by harmless error standards, rather than as a trial error which occurs during the presentation of the case to the jury and which may therefore be quantitative in the context of the other evidence presented."

In Robinson v. Neil, 93 S.Ct. 876 (1973), the U.S. Supreme Court, in deciding retroactivity in contravention to Linkletter v. Walker, 381 U.S. 618 (1965), held that "In Furman v. Georgia, 408 U.S. 238 (1972), supra, our mandate was tailored so as to

deny to the State only the authority to impose a punishment that we held unconstitutional, without the necessity of a redetermination of the factual question of whether the offense had in fact been committed. Thus, the prejudice to the State resulting from the necessity of an entirely new trial because of procedures newly found to be constitutionally defective, with the attendant difficulties of again assembling witnesses whose memories would of necessity be dimmer for the second trial than for the first, was not present. That which was constitutionally invalid could be isolated and excused without requiring the State to begin the entire fact finding process a new.

In Tyler v. Cain, 533 U.S. 656 (2001), the United States Supreme Court held that a new rule of criminal procedure may be retroactive through a series of that Court's cases.

In Teague v. lane, 489 U.S. 288 (1989), the U.S. Supreme Court established two exceptions to the general principle that new rules of constitutional procedure not apply retroactively. The first exception, not implicated here, is for "rules that place an entire category of primary conduct beyond the reach of criminal law." And the second exception requires that a new rule be applied retroactively for "those procedures that are implicit in the concept of ordered liberty."

Collins was given a sentence of two-hundred and thirty-five months based upon an unconstitutional application of the A.C.C.A. The phrase, "the fact of a prior conviction" is not the same as the fact of the type of a prior conviction. Therefore, Collins was prejudiced by having a judge adjudicate by using a preponderance of the evidence standard, his culpability to being a three time prior violent felon.

It is Collins Sixth Amendment Right as well as his Due Process right to have a jury decide the quanity and of the underlying conduct of a prior conviction beyond a reasonable doubt.

Collins was not charged as an A.C.C.A. violator, nor was he found by a jury the elements of the sentencing enhancement of an A.C.C.A. Had the Statute simply given Collins the A.C.C.A. enhancement for three (3) prior felonies without regard to type or quality of the prior conviction, then for the purposes of "the fact of a prior conviction", this would make the enhancement constitutional. But because the enhancement hinges on the latter clause, "any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt," and because Collins was adjudicated builty by the Sentencing Judge using a preponderance of the evidence of the type of prior conviction and not just for a prior conviction, then this manner of procedure,

foregoing the adjudication of the §922(g) charge against Collins, is unconstitutional and in violation of Collins' Fifth and Sixth Amendment rights to Due Process and jury determination (trial) guarantee. This prejudicial violation has caused Collins a severe unconstitutional liberty interest, that, if it had been briefed by either sentencing counsel and/or appellate counsel, could have caused a different outcome of the proceedings, as the District Court would not have had the authority to upwardly depart from a 0-10 year sentencing scheme to a 15 year - life sentencing scheme.

Causation - It is both Sentencing/Trial Counsel's and Appellate Counsel's unreasonableness in not representing Collins, based on this claim, that has caused Collins, at the east, a one-hundred-fifteen month unconstitutional sentence. See Williams v. Taylor, 529 U.S. 362, 396-399 (2000), the United States Supreme Court states that "counsel's failure to investigate and present mitigating evidence during the sentencing phase of a capital murder trial denied defendant his constitutional guarantee to effective assistance of counsel." ; See also U.S. v. Mannino, 212 F.3d 835, 845 (3rd Cir. 2000) (counsel's failure to raise the sentencing issue on direct appeal prejudiced defendant because the court would have vacated sentence had the claim been raised.); U.S. v. Russell, 221 F.3d 615, 621-22 (4th Cir. 2000) (counsel's failure to confirm status of 2 of defendant's 3 prior convictions,

after defendant had informed him that the convictions were invalid, was prejudicial because defendant's credibility was central to the government's case.)

Redressability - Collins requests an evidentiary hearing. This evidentiary hearing is requested to be in light of Blakely v. Washington, 124 S.Ct. 2531 (2004). Even though Blakely was not available to Collins' counsels, the aforementioned cases and their relevance to this claim was available to argue in the context of the U.S. Supreme Court's ruling in United States v. R.L.C., 117 L.Ed.2d 559 (1992). This claim is to be retroactively applied in the context of Apprendi, Jones, Winship, and Sullivan v. Louisiana. Retroactivity is governed pursuant to the intervening changes of the law mandates of Robinson v. Neil, Furman v.Georgia and the specifics qualified in Tyler v. Cain and Teague v. Lane.

## C O N C L U S I O N

Based on the substantive claims herein, Collins prayerfully and humbly request that this Honorable Court grant him the relief that he now seeks.

Executed on this 5th of December, 2004.

Respectfully Submitted,

Bobby M. Collins

Bobby M. Collins #10073-041
Federal Correctional Institution
P.O. Box 1000
Oxford, WI. 53952-1000

# CERTIFICATE OF SERVICE

This, pursuant to Title 28 U.S.C. §1746, certifies that all foregoing conclusions of law and this certificate of service is true and correct to the best of Collins knowledge and that one original and one copy was affixed with first class postage and deposited into the legal mail box of Oxford F.C.I. on the date below, as well as a separate copy for the U.S. Attorney affixed with first class postage and also deposited with first class postage. The addresses are as follows:

Clerk of the Court
U.S. District Court of Minnesota
708 Federal Building
316 N. Robert Street
St. Paul, MN. 55101-1460

U.S. Attorney
600 U.S. Courthouse
300 4th St. South
Minneapolis, MN. 55415

Executed on this 5th day of December, 2004.

Respectfully Submitted,

Bobby M. Collins

Bobby Collins #10073-041
Federal Correctional Institution
P.O. Box 1000
Oxford, WI. 53952-1000

This is certified pursuant to the laws of the United States of America under the penalties of perjury.