# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Criminal No. 01-255 (RHK/ESS) |
| Plaintiff, | Civil No. 04-4973 (RHK) |
| v. | |
| Bobby Marvin Collins, | **ORDER** |
| Defendant. | |

Before the Court is Petitioner's Motion pursuant to 28 U.S.C. § 2255 alleging ineffective assistance of counsel. By way of background, Petitioner was convicted in 2001 by a jury of being a felon in possession of ammunition in violation of 18 U.S.C. §§ 922(g)(1) and 924(e). He was sentenced to 235 months in prison, which was the low end of the applicable Guidelines range. On appeal, the Eighth Circuit affirmed the conviction and sentence.

Petitioner asserts several alleged instances of ineffective assistance of counsel:

1. his attorney did not present a defense based on the Second Amendment;

2. his attorney failed to argue that the ammunition involved could have been "antique" and therefore exempt from the firearm possession law;

3. his attorney failed to raise a statute of limitations defense; and

4. his attorney failed to assert his right to a jury determination of all facts pertaining to his "armed career criminal" status.

His Second Amendment argument, that he had a constitutional right to possess the gun and ammunition because he supposedly was a member of a militia, is frivolous on its face. There are no facts or case law to support it.

His argument that his attorney should have argued that the subject ammunition <u>could have been</u> antique fails for at least two reasons. First, he presents no reason to believe the ammunition actually was antique, and second, the exemption which he seeks is not available. As the Government accurately points out, "(t)he definition of 'firearm' expressly excludes 'antique firearms' . . . [but] [t]he term ammunition is defined in 18 U.S.C. § 921(a)(17)(A), a separate provision which makes no reference to the concept of antique firearm or manufacturing date." Petitioner offers no meaningful response to this.

The statute of limitations argument likewise lacks merit. It is based solely on <u>United States v. Wolf</u>, 405 F. Supp. 731 (E.D. Mo. 1975). In <u>Wolf</u>, the Defendant was charged under a different statute, with <u>possessing</u>–not <u>receiving</u>–a firearm. The statute of limitations defense upheld in <u>Wolf</u> is inapplicable to Petitioner and his counsel cannot be faulted for failure to raise that defense.

Finally, his <u>Booker</u> claims are disposed of by the Eighth Circuit's recent decision in <u>Never Misses a Shot v. United States</u>, ___ F.3d ___, 2005 WL 1569403 (8th Cir. 2005), holding that the "new rule" announced in <u>Booker</u> does not apply to criminal convictions that became final before the rule was announced and thus does not benefit movant in collateral proceedings.

For the foregoing reasons, and upon all the files, records and proceedings herein, the Petition (CR-01-255, Doc. No. 66; CV-04-4973, Doc. No. 1) is **DENIED**.

Dated: July 27, 2005

                                                  s/Richard H. Kyle  
                                                  RICHARD H. KYLE  
                                                  United States District Judge