IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

BOBBY MARVIN COLLINS,
Petitioner,

CR 01-255 RHK/ESS

vs.

CIVIL NO. 04-4973(RHK)

UNITED STATES OF AMERICA,
Respondent.

RECEIVED
AUG 15 2005
CLERK US DIST COURT
ST. PAUL, MN

**MOTION TO AMEND OR ALTER COURTS" § 2255 JUDGEMENT PURSUANT TO RULE 59(e) OF THE FEDERAL RULES OF CIVIL PROCEDURE**

This petitioner, Bobby Collins, humbly and respectfully requests that this Court, in the interest of justice and judicial equity and fairness, amend its July 27,2005 Order denying his § 2255 Motion.

The reasons for the request and filing of this motion is based on the following facts:

1. Though the petitioner stated with particularity the facts surrounding his mandated membership of being a militia (Terrorism) it was not his duty to do so in a § 2255 Motion. The reasonableness and resposibility remained that of his former counsel prior to trial. And as to the Court's answer to the claim being frivolous due to a lack of facts and case law, Collins stated legitimate facts. Case law is created by federal questions newly asked of the Courts, and its the responsibility of the Courts to address these new questions. It would be an abuse of its power for Courts to summarly dismiss questions and claims merely because there are no prior case law to support the claim/question.

2. Again the Court requires the petitioner to supply the facts to to which a reasonable counsel would have and should have developed

SCANNED
AUG 15 2005
U.S. DISTRICT COURT ST. PAUL

the question and the facts surrounding the date of the manufacturing of the ammunition, or in the interim present a defense to force the government to defend its claim. Again the Court presents a possible abuse of power issue. Caron can be used in order to convict Collins as an Armed Career Criminal when ammunition is not prohibited by the State of Minnesota to ex Felons. But antique which is based on a date of " regulation " purpose is only given to firearms and not ammunition. Neither of which were federally " regulated " prior to 1898. The reasoning found in Caron should also be applied in determining the application of ammunition as being "antique". No case law is needed as Collins former Counsel within reason should have developed this new question to the Court.

3. In response to Collins third claim, Wolf does not address receipt while also referring to possession. One cannot receive without also possessing or vice versa. And since the Court is being technical, the actus reus requirement for convicting Collins was that " Which has traveled in interstate commerce "(receipt) and not" in or affecting commerce" (possession). Collins counsel was very well aware of the discrepancy because it was proven by counsel in Traxell[2] but never failed to reasonably address the court with this claim/question. Not to acknowledge this fact and truth is also an abuse of the court's power. [2] Cited at Traxel, 914 F3d 119 (8th).

4. Without question the court abused its authority when responding to this claim/question. The court failed to address the "substantive" reasoning found and cited in the newly decided and added Shepard case from the US Supreme Court. Nor did the Court take into consideration that Collins is a pro se litigant and should be given liberal consideration in light of Haines vs Kerner. Booker was not actually argued as a"new rule"of law per se, as new rules are procedural. Booker was argued as a "substantive" interpretation of what the law must mean in light of the Constitution. And that all prior interpretations and applications

inopposite of Bookers's substantive holding is void and invalid. Booker is similar to the holdings found in Bailey/Bousley. Never misses a shot v. U.S. does not address this claim for retroactivity purposes.

## CONCLUSION

Based on the facts and principles addressed here in Collins humbly requests that this court specifically address the claims of ineffectiveness and unreasonableness of counsel and Booker in a proper and court authorized manner.

Executed this 5th day of August, 2005.

Respectfully,

Bobby M. Collins
Bobby Collins