**UNITED STATES DISTRICT COURT**

**DISTRICT OF MINNESOTA**

BOBBY MARVIN COLLINS,

Petitioner-Appellant,

v.

UNITED STATES OF AMERICA,

Respondent-Appellee.

Civil No. 04-4973 (RHK)
Crim. No. 01-255 (RHK/ESS)

**ORDER**

## INTRODUCTION

In November 2001, Petitioner was found guilty of being a felon in possession of a weapon. He was sentenced to 235 months in federal prison, and he is presently serving his sentence at the Federal Correctional Institution in Oxford, Wisconsin. After Petitioner's conviction was upheld on direct appeal, he filed a motion seeking relief under 28 U.S.C. § 2255. Petitioner's § 2255 motion was denied on July 27, 2005. Petitioner asked the Court to reconsider that ruling, but that request was denied on August 18, 2005. Thereafter, Petitioner filed a "Notice of Appeal," (Docket No. 78), which was accompanied by a "Motion To Request A Certificate of Appealability," (Docket No. 77). For the reasons discussed below, the Court finds that Petitioner is not entitled to a Certificate of Appealability, ("COA"), in this matter.

## DISCUSSION

A federal prisoner is not permitted to appeal a final order in a § 2255 proceeding without first securing a COA. 28 U.S.C. § 2253(c)(1)(A); Fed. R. App. P. 22(b)(1). Federal district courts cannot grant a COA unless the prisoner "has made a substantial showing of the denial of a constitutional right."

28 U.S.C. § 2253(c)(2); see also, Tiedeman v. Benson, 122 F.3d 518, 522 (8th Cir. 1997).

A COA will not necessarily be granted simply because an appeal is pursued in good faith and raises a non-frivolous issue. Kramer v. Kemna, 21 F.3d 305, 307 (8th Cir. 1994) ("[g]ood faith and lack of frivolousness, without more, do not serve as sufficient bases for issuance of a certificate"). Instead, the prisoner must satisfy a higher standard; he must show that the issues to be raised on appeal are "debatable among reasonable jurists," that different courts "could resolve the issues differently," or that the issues otherwise "deserve further proceedings." Flieger v. Delo, 16 F.3d 878, 882-83 (8th Cir.), cert. denied, 513 U.S. 946 (1994), citing Lozado v. Deeds, 498 U.S. 430, 432 (1991) (per curiam); Cox v. Norris, 133 F.3d 565, 569 (8th Cir. 1997), cert. denied, 525 U.S. 834 (1998). When a district court grants a COA, it is "inform[ing] the Court of Appeals that the petitioner presents a colorable issue worthy of an appeal." Kruger v. Erickson, 77 F.3d 1071, 1073 (8th Cir. 1996) (per curiam). See also Slack v. McDaniel, 529 U.S. 473, 484 (2000) (granting a COA signifies that the issues raised "'deserve encouragement to proceed further'"), quoting Barefoot v. Estelle, 463 U.S. 880, 893, n. 4 (1983).

In this case, Petitioner is challenging his sentence based on the Supreme Court's decisions in United States v. Booker, 125 S.Ct. 738 (2005), and Shepard v. United States,125 S.Ct. 1254 (2005). However, the Eighth Circuit Court of Appeals has expressly held that Booker is not retroactively applicable in collateral proceedings such as Petitioner's § 2255 motion. Never Misses A Shot v. United States, 413 F.3d 781, 783(8th Cir. 2005) (per curiam) ("the 'new rule' announced in Booker does not apply to criminal convictions that became final before the rule was announced, and thus does not benefit movants in collateral proceedings"). The reasoning of Never Misses A Shot is fully applicable to Petitioner's claims based on

Shepard. (Furthermore, Petitioner has never adequately explained why Shepard supposedly invalidates his sentence.)

In sum, the Court finds no reason to believe that Petitioner's claims based on Booker and Shepard could be decided in his favor in any other court -- including the Eighth Circuit Court of Appeals. The Court finds nothing novel or noteworthy about any of Petitioner's claims that would cause them to warrant appellate review. Because Petitioner has not made a substantial showing of the denial of a constitutional right, he will not be granted a COA in this matter.

**CONCLUSION**

Based upon the foregoing, and all of the files, records and proceedings herein,

IT IS HEREBY ORDERED that:

Petitioner's request for a Certificate of Appealability in this matter, (Docket No. 77), is DENIED.

Dated: September 16, 2005

s/Richard H. Kyle
RICHARD H. KYLE
United States District Court Judge