**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Bobby Marvin Collins,

Petitioner-Appellant,

v.

United States of America,

Respondent-Appellee.

Crim. No. 01-255 (RHK/ESS)
Civil No. 04-4973 (RHK)

**MEMORANDUM AND ORDER**

This matter is presently before the Court on Petitioner's application for leave to proceed in forma pauperis, ("IFP"), on appeal. (Doc. Nos. 82 and 83.) That request will be GRANTED.

A litigant who seeks to be excused from paying the $255 filing fee for an appeal in a federal case may apply for IFP status under 28 U.S.C. § 1915. See also Fed. R. App. P. 24(a). To qualify for IFP status, the litigant must demonstrate that he or she cannot afford to pay the full filing fee. 28 U.S.C. § 1915(a)(1). Even if a litigant is found to be indigent, however, IFP status will be denied if the Court finds that the litigant's appeal is not taken "in good faith." 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context is judged by an objective standard and not by the subjective beliefs of the appellant. Coppedge v. United States, 369 U.S. 438, 444-45 (1962). To determine whether an appeal is taken in good faith, the Court must decide whether the claims to be decided on appeal are factually or legally frivolous. Id. An appeal is frivolous, and therefore cannot be taken in good faith, "where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).

In this case, Petitioner's IFP application shows that he has a prison job, but he apparently earns only a nominal wage. It appears that Petitioner also receives occasional gifts from family members and friends, but those gifts are not regular or substantial. Petitioner further represents that he has no significant

assets that could be used to pay the filing fee for his appeal. Based on the information provided in Petitioner's IFP application, the Court finds that he is financially eligible for IFP status on appeal.

Although Petitioner does not appear to have any potentially meritorious grounds for appeal, the Court does not find his appeal to be "frivolous," as that term has been defined by the Supreme Court. Therefore, Petitioner's appeal is found to be taken "in good faith" for purposes of 28 U.S.C. § 1915(a)(3) and Fed. R. App. P. 24(a)(3), and his IFP application will be granted.[1]

Based upon the foregoing, and all of the files, records and proceedings herein,

**IT IS HEREBY ORDERED** that:

Petitioner's application to proceed in forma pauperis on appeal, (Docket Nos. 82 and 83), is **GRANTED**.

Dated: November 22, 2005

s/Richard H. Kyle
RICHARD H. KYLE
United States District Court Judge

[1] As a practical matter, it is unlikely that allowing Petitioner to proceed in forma pauperis will have any real significance in this case. At present, his appeal cannot go forward, because the Court has previously denied his request for a certificate of appealability, ("COA"), which is required by 28 U.S.C. § 2253(c)(1)(B) and Fed. R. App. P. 22(b)(1). (See Order dated September 16, 2005; [Docket No. 81].) Finding that Petitioner's appeal is taken in good faith for IFP purposes is not inconsistent with the Court's previous determination that he failed to make "a substantial showing of the denial of a constitutional right" for COA purposes. See Kramer v. Kemna, 21 F.3d 305, 307 (8th Cir. 1994) ("[g]ood faith and lack of frivolousness, without more, do not serve as sufficient bases for issuance of a [COA]").